UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILL LIETZKE,

    Plaintiff,

v.	Case No. 17-12921
    HONORABLE AVERN COHN

CITY OF MONTGOMERY,
KEVIN MURPHY,

    Defendants.
_____/

## **ORDER OF TRANSFER**

I.

This is a civil rights case under 42 U.S.C. § 1983. Plaintiff Bill Lietzke,[1] a resident of Montgomery, Alabama, filed a pro se complaint in this district naming the City of Montgomery and Kevin Murphy, presumably a Montgomery police officer, as defendants. In broad terms, plaintiff alleges that on November 25, 2016, he was stopped by unnamed City of Montgomery police officers who allegedly unlawfully detained him without probable case. He claims a violation of his First and Fifth Amendment rights. As will be explained, this case belongs in the United States District Court for the Middle District of Alabama, Northern Division. Accordingly, it will be transferred to the proper venue.

---

[1] A search of the Court's electronic case filing system shows that plaintiff filed 6 cases in this district on the same day, including the instant case. All of the cases are against the City of Montgomery and individuals and appear, in general terms, to allege different instances of police misconduct. See Case Nos. 17-12918, 17-12922, 17-12934, 17-12935 and 17-12920.

II.

Venue for a civil action brought in federal court is governed by 28 U.S.C. § 1391. Section 1391(b) provides:

> Venue in general. A civil action may be brought in –
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Public officials "reside" in the county where they perform their official duties. O'Neill v. Battisti, 472 F.2d 789, 791 (6th Cir. 1972).

When venue is improper, a district court may either dismiss the case or, in the interests of justice, transfer the case to a district or division where it could have been brought. See 28 U.S.C. § 1406(a). Additionally, even when venue is proper, a district court may transfer a civil action to any other district where it might have been brought for the convenience of the parties and witnesses and in the interest of justice. See 28 U.S.C. § 1404(a). A court may sua sponte transfer a case for improper venue. Carver v. Knox County, Tenn., 887 F.2d 1287, 1291 (6th Cir. 1989); see also Cosmichrome, Inc. v. Spectra Chrome, Inc. LLC, 504 F. App'x 468, 472 (6th Cir. 2012).

III.

Here, the defendants reside in Montgomery, Alabama. The actions giving rise to the complaint occurred in Montgomery, Alabama. The City of Montgomery is located in Montgomery County which is in the Middle District of Alabama, Northern Division. See 28 U.S.C. § 81(b)(1). Venue is therefore proper in the United States District Court for the Middle District of Alabama, Northern Division.

Accordingly, under 28 U.S.C. § 1406(a) and in the interests of justice, the Clerk shall TRANSFER this case to the District Court for the Middle District of Alabama, Northern Division. The Court makes no determination as to the merits of the complaint or the application to proceed without prepayment of fees and costs.

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 13, 2017
      Detroit, Michigan